United States District Court
Southern District of Texas
**ENTERED**
September 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN MANUEL ALBARADO, ET. AL., § <br> Plaintiffs § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> ET AL., § <br> Defendants § | Civil Action No. 1:22-cv-068 |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Pending before the Court is pro se Plaintiff Juan Manuel Albarado's "First Amended Original Complaint [for] Breach of Contract with Suit to Quiet Title to Padre Island" (hereinafter, Albarado's "Amended Complaint"), with supporting submissions. Dkt. Nos. 15, 15-1, 16, and 17. In lieu of paying the filing fee, Plaintiff has also filed a "Motion to Proceed Informa Pauperis" (hereinafter, "IFP Motion"), with an accompanying certified inmate trust account statement. Dkt, No. 2 and Dkt. No. 11. For the reasons provided below, it is recommended that the Court: (1) **DENY** Plaintiff's IFP Motion; (2) **DISMISS** his Amended Complaint for lack of subject matter jurisdiction; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I. Discussion

Plaintiff is currently an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ") in Abilene, Texas. Dkt. No. 15 at 23.[1] As an alleged heir of Nicolas Balli,

---

[1] Plaintiff is serving a 30-year sentence for murder in the Robertson Unit in Abilene, Texas. *See* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=07157980 (last visited September 27, 2022). His TDCJ number is: 01452106. His SID Number is: 07157980. *Id.*

Plaintiff purports to represent himself, the "Balli family heirs," certain members of his own immediate family, and the "Comanche Nation," as the "superior title holders to Padre Island." *Id*. at 1, 5-7. Among other things, he seeks various declarations establishing that Padre Island rightfully belongs to him and those he purports to represent. *Id*. at 20. He names as defendants: (1) the United States of America; (2) the State of Texas; (3) President R. Biden; (4) former President Donald J. Trump; (5) former President Barack H. Obama; (6) former President George W. Bush; (7) former President William J. Clinton; (8) Governor of Texas, Greg W. Abbott; and (9) certain "unknown fraudulent title holders." *Id*. at 1-2.

Upon receiving Plaintiff's initial complaint (*see* Dkt. No. 1), the Court issued a Notice and Order. Dkt. No. 5. In relevant part, the Notice and Order provided as follows:

> **Plaintiff is NOTIFIED that his Complaint, as written, fails to state a timely, non-frivolous claim within the jurisdiction of this Court. Therefore, if Plaintiff wishes to proceed, he is ORDERED to file an amended complaint which corrects these deficiencies on or before <u>July 22, 2022</u>. Plaintiff is ORDERED to sign his amended complaint under penalty of perjury. Plaintiff is additionally ORDERED to provide documentary evidence supporting his claim to be an heir of Nicolas Balli on or before <u>July 22, 2022</u>. Plaintiff must submit this evidence along with an affidavit, swearing to the authenticity of the evidence, under penalty of perjury.**
>
> **Plaintiff is further NOTIFIED that, if he fails to comply with this Order, his case can, and likely will, be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).** *See* Fed. R. Civ. P. 41(b) **("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").**

Dkt. No. 5 at 4-5 (emphasis in original, footnote omitted).

In response to this Notice and Order, Plaintiff has submitted: (1) his instant Amended Complaint; (2) a document entitled "Affidavit of Truth #1;" (3) a document entitled "Affidavit of Truth #2;" (4) a document entitled "Affidavit of Truth #3;" (5) a document entitled "Class Action Affidavit of Truth;" and (6) an exhibit. *See* Dkt. Nos. 15, 15-1, 16 and 17. Collectively and singularly, Plaintiff's Amended Complaint and supporting submissions do not show that he has Article III standing to bring his claims in this Court. As a result, this Court lacks subject matter jurisdiction over Plaintiff's Amended Complaint. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146, 185 L. Ed. 2d 264 (2013) (noting that, if a plaintiff lacks Article III standing to bring his claims in federal court, the court will lack subject matter jurisdiction over those claims.).

To establish Article III standing, a plaintiff must satisfy three criteria.

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted).

Plaintiff has not shown that he has an injury that is fairly traceable to the challenged action of a defendant named in this suit, as opposed to "the result of the independent action of some third party not before the court." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (requiring that a plaintiff show "causation" to demonstrate standing). Plaintiff complains that land was stolen from him and those he purports to represent in the 1800s. Dkt. No. 15 at 3-6. Nevertheless, he has not shown

that this alleged theft was due to the actions or omissions of any of the defendants named in this lawsuit, nor has he otherwise satisfied the "causation" requirement of Article III standing.

Plaintiff has also failed to show that he has suffered an invasion of a legally protected interest which is concrete and particularized. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (requiring that a plaintiff demonstrate that his injury is concrete and particularized to establish standing). Plaintiff claims that he is a Balli heir, but aside from his self-serving affidavits which carry little weight on their own, he has not submitted any evidence confirming this to be the case. The handwritten family tree he has submitted is illegible in many places and does not establish that he is descended from anyone who has (or once had) an interest in Padre Island. *See* Dkt. No. 17 at 4-5. Likewise, the exhibit he has submitted, which he alleges documents the birth of his mother and grandfather, does not show that he is descended from anyone who has (or once had) an interest in Padre Island. Dkt. No. 16.

Finally, Plaintiff has not shown that it is "likely, as opposed to merely speculative, that [his] injury will be redressed by a favorable decision." *See Lujan*, 504 U.S. 555, 561 (requiring that a plaintiff show "redressability" to demonstrate standing). Plaintiff's claims are based upon alleged actions and omissions occurring more than 100 years ago. *See generally* Dkt No. 15. Despite being given the opportunity to show that his purported claims are not statutorily or equitably barred, Plaintiff's Amended Complaint fails to allege any facts or authority which would allow this Court to find that his claims are timely. *See generally* Dkt. Nos. 15, 15-1, 16 and 17. Justice Rosemarie Vela noted, in *Cortina v. P.I. Corp.*, that "there is a 160 year long title history and multiple judgments have adjudicated title to land on Padre Island." 385 S.W.3d 613, 617 (Tex. App. 2012)

(citing *Kerlin v. Sauceda*, 263 S.W.3d 920 (Tex. 2008) (per curiam); *State v. Balli*, 173 S.W.2d 522 (Tex.Civ.App.-San Antonio 1943), *aff'd*, 144 Tex. 195, 190 S.W.2d 71 (1944)). Given this history, and the conclusory and unsupported nature of Plaintiff's allegations, Plaintiff has not shown it "likely, as opposed to merely speculative," that the injuries he complains of "will be redressed by a favorable decision." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561.

For all the foregoing reasons, Plaintiff has failed to show that he possesses Article III standing to pursue his claims.[3] As such, this Court lacks subject matter jurisdiction over this case. It is recommended that the Court dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and direct the Clerk of Court to close this case.

## II. Recommendation

It is recommended that the Court: (1) **DENY** Plaintiff's IFP Motion; (2) **DISMISS** his Amended Complaint for lack of subject matter jurisdiction; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## III. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain

---

[3] To the extent that Plaintiff also complains about the conditions of his confinement at his TDCJ Unit in Abilene, Texas (*see* Dkt. No. 15-1 at 3-4), those potential 42 U.S.C. § 1983 claims are not properly before this Court because Abilene Texas is not within the Southern District of Texas. *See Baker v. State of Tex.*, No. 1:16-CV-008, 2016 WL 625090, at *1 (S.D. Tex. Jan. 13, 2016) ("Pursuant to § 1391(b), '[v]enue for a Section 1983 action lies in the judicial district where a defendant resides, or in the judicial district where a substantial part of the events or omissions giving rise to the claims occurred.'") (quoting *Trujillo v. Dr. Arce*, No. CIV.A. 5:03-CV-114-C, 2003 WL 21266974, at *1 (N.D. Tex. May 27, 2003)).

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    **SIGNED** this **29th** day o**f September, 2022**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**