United States District Court
Southern District of Texas
**ENTERED**
November 17, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| JUAN MANUEL ALBARADO, *et al.*, § <br> "Plaintiffs," § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, *et al.*, § <br> "Defendants." § | Civil Action No. 1:22-cv-00068 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are these pleadings: Plaintiff Juan Manuel Albarado's "First Amended Original Complaint for Breach of Contract with Suit to Quiet Title to Padre Island" ("Amended Complaint"), with supporting submissions (Dkt. Nos. 15, 15-1, 17, and 17) and "Motion to Proceed Informa Pauperis" ("IFP Motion") (Dkt. No. 2), "Magistrate Judge's Report and aRecommendation" ("R&R") (Dkt. No. 18), and Plaintiff's "Reply and Objection to Magistrate Judge" ("Objections") (Dkt. No. 21).

A party may contest the proposed findings and conclusions in a report and recommendation by filing written objections within fourteen days of being served with a copy of the report and recommendation. Party's objections to portions of a report and recommendation entitle him to *de novo* review by the Court. *See* 28 U.S.C. § 636(b)(1). Objections must specifically identify findings or recommendations in the R&R. The court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Proposed findings and recommendations to which no objections were filed are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

Plaintiff objected to the R&R. Dkt. No. 21. But Plaintiff's objections[1] are conclusive and do not address any plausible claim for relief. In summary, Plaintiff's objections are a general objection to the R&R. The Court need not consider such objections and has therefore reviewed the R&R and the record for clear error. *See Stafford v. Berryhill*, 2019 U.S. Dist. LEXIS 105778

---

[1] When considering a Rule 12(b)(6) motion, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

1

(W.D.T.X 2019) (citing *Battle*, 834 F.2d at 421; *see also* Fed. R. Civ. P. 72 advisory committee's note) ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation."). Finding no clear error, the R&R (Dkt. No. 18) is **ADOPTED**.

Plaintiff's IFP Motion (Dkt. No. 2) is **DENIED**. Plaintiff's Amended Complaint (Dkt. No. 15) is **DISMISSED**. The Clerk of Court is **ORDERED** to close this case.

Signed on this 17th day of November, 2022.

Rolando Olvera
United States District Judge

2